# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TASHA PLUMMER, | : | |
| | : | Case No. 2:17-cv-00253 |
| Plaintiff, | : | |
| | : | Judge Michael H. Watson |
| v. | : | |
| | : | Magistrate Judge Jolson |
| ADENA HEALTH SYSTEM, | : | |
| | : | |
| Defendant. | : | |

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order have agreed to the terms of this Order to govern the production and use of confidential matter in this case; accordingly, it is ORDERED:

**1. Scope.** All documents produced or made available for inspection in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials that may be subject to restrictions on disclosure for good cause, and information derived directly therefrom (all such materials collectively referred to as "Documents"), shall be subject to this Order concerning confidential information as set forth below. The Order is subject to the Local Rules of the Southern District of Ohio and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Form and Timing of Designation.** A party may designate Documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation at a later time after production or disclosure of the Documents, if necessary. The designation "CONFIDENTIAL –

SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents That May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.** Any party may designate Documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the Documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information; medical or psychiatric information; trade secrets; confidential proprietary information; personnel or employment records; information protected by the Health Insurance Portability and Accountability Act ("HIPAA"); or such other sensitive information that is not publicly available. Public records and other information or Documents that are publicly available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

4. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. A party wishing to designate any portion of a deposition transcript or any portion of a deposition exhibit as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall serve its designations upon all other parties within 30 days after either party has received the transcript of the deposition. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

**5.    Protection of Confidential Material.**

**(a)    General Protections.** Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in ¶5(b) for any purpose whatsoever other than to prepare for and to conduct discovery, motions, hearings, and trial in this action, including any appeal.

**(b)    Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER to any third person or entity except as set forth below in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review Documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

**(1)    Counsel.** Attorneys who are counsel of record for the parties in this action, their employees (including paralegals, clerical, or other assistants), and corporate counsel shall have access to the materials designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" for use only in the prosecution or defense of this action;

**(2)    Parties.** Parties and those employees of a party to this Order who are assisting in the litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to be Bound. Counsel for the parties agree to confer in good faith as to the marking of certain Documents as "ATTORNEYS' EYES ONLY" if a producing party believes the Documents contain HIPAA-protected information,

3

medical or psychiatric information, trade secrets, or other highly sensitive and/or confidential information, including information related to former or present patients of Adena Health System. Documents with the "ATTORNEYS' EYES ONLY" designation may not be disclosed to the parties, absent the written agreement of the producing party. If counsel for the parties cannot agree upon such a designation, the producing party may seek to address the issue with the Court;

**(3)** **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(4)** **Consultants, Investigators and Experts.** Consultants, investigators, or experts (collectively referred to as "Experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(5)** **Deposition Witnesses.** Witnesses and their respective counsel may be shown Documents designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER at depositions taken in this action and such Documents may be marked as exhibits to such depositions; and

**(6)** **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound.

**(c)** **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of Documents designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one year after dismissal of the action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

**(d)** **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "Copies") of Documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the words do not already appear on the copy. All such Copies shall thereafter be entitled to the protection of this Order. The term "Copies" shall not include indices, electronic databases, or lists of Documents, provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential Documents or otherwise disclose the substance of the confidential information contained in those Documents.

**(e)** **Inadvertent Production.** Inadvertent or prior production of documents or information subject to any privilege or documents or information without a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

**6.     Filing of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** Materials designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may be filed under seal pursuant to S.D. Ohio Civ. R. 5.2.1 only after obtaining leave of Court. The parties may agree that certain material initially designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" need not be filed under seal, but any such agreement must be in writing.

**7.     Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party with standing to object. Before filing a motion with the Court disputing a designation, the parties shall try to resolve the dispute in good faith pursuant to the requirements of S.D. Ohio Civ. R. 37.1. Until such time as the Court rules on any pending motion challenging a designation, the challenging party shall treat the information as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

**8.     Action by the Court.** Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any Documents produced or used in discovery or at trial.

**9.     Use of Confidential Documents or Information at Trial.** Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents or information derived therefrom, such party shall provide advance notice to the other party identifying the Documents or information at issue as specifically as possible (e.g., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Documents or information. The Court may thereafter make such orders as are necessary to govern the use of such Documents or information at trial.

**10. Obligations on Conclusion of Litigation.**

    **(a)** **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    **(b)** **Return of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents.** After dismissal or entry of final judgment not subject to further appeal, all Documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, including Copies as defined in Section 5(d), shall be retained by counsel in their legal files for a period of one year. Within 90 days after expiration of the one-year period, counsel shall return the Documents to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to Documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the Documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy Documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents and the work product does not contain HIPAA-protected information. Any work product meeting the foregoing conditions shall continue to be CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order.

**(c)** **Return of Documents Filed Under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy Documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure. To the extent the Clerk returns to counsel any Documents treated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER under this Order and/or containing HIPAA-protected information, such Documents are subject to ¶10(b).

11. **Order Subject to Modification.** This Order shall be subject to modification by stipulation of the parties and approved by Order of the Court, the Court on its own motion, or on motion of a party or any other person with standing concerning the subject matter.

12. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Documents or information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

13. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**14. No Waiver.** Neither the taking of any action in accordance with the provisions of this Order nor the failure to object to such action shall be construed as a waiver of any claim or defense in this action.

**15. No Restriction.** Nothing contained in this Order shall be construed to limit, restrict, or otherwise affect the ability of any party to seek the production of documents, testimony, or information from any source.

**IT IS SO ORDERED.**

Date: August 8, 2017

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

**STIPULATED TO BY**:

/s/ *Jill K. Bigler*
James G. Petrie (0059446)
Trial Attorney
Jill K. Bigler (0083789)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215
Phone: 614-227-2300
Fax: 614-227-2390
jpetrie@bricker.com
jbigler@bricker.com
Attorneys for Defendant

/s/ *D. Joe Griffith (via phone consent 8/3/17)*
D. Joe Griffith (0055499)
Trial Attorney
Dagger Johnston Miller Ogilvie &
Hampson, LLP
144 E. Main St., PO Box 667
Lancaster, Ohio 43130
Phone: 740-653-6464
Fax: 740-653-8522
djgriffith@daggerlaw.com
Attorney for Plaintiff

ATTACHMENT A

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| TASHA PLUMMER, | : | |
| | : | Case No. 2:17-cv-00253 |
| Plaintiff, | : | |
| | : | Judge Michael H. Watson |
| v. | : | |
| | : | Magistrate Judge Jolson |
| ADENA HEALTH SYSTEM, | : | |
| | : | |
| Defendant. | : | |

## ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands its terms, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Documents or information derived directly therefrom to any other person, firm or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of Court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____ _____
                           Signature